UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHRISTOPHER ROTTNER, individually and :
on behalf of all others similarly situated,
                                                 :
                     Plaintiff,      Civil Action
                                        :      No. 12-10920-RGS
    v.
                                              :
AVG TECHNOLOGIES CZ, S.R.O., a Czech
company, and AUSLOGICS SOFTWARE    :
PTY. LTD., an Australian company,
                                               :
                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **PRELIMINARY APPROVAL ORDER**

STEARNS, D.J.

      This matter having come before the Court on the motion of Plaintiff for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Christopher Rottner ("Plaintiff"), individually and on behalf of the Settlement Class, and Defendants AVG Technologies CZ, s.r.o. and Auslogics Software Pty. Ltd. (collectively, "Defendants"), as set forth in the Parties' Stipulation of Class Action Settlement (the "Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

      1.     Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

      2.     The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that: (i) the Agreement is fair, reasonable, and

1

adequate, and within the range of possible approval, (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) with respect to the form of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction (Exhibit A to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals and entities in the United States and its territories who, during the period from September 27, 2010 to September 6, 2012, inclusive, purchased from AVG a paid license to use the AVG PC TuneUp software.

4. For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff Christopher Rottner as Class Representative.

5. For settlement purposes only, the Court hereby preliminarily approves the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and Chandler R. Givens of Edelson LLC, as Class Counsel.

6. On April 30, 2014 at 3:00 p.m. ET or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount. No later than the date twenty-eight (28) days prior to the Fairness Hearing, Plaintiff must file his papers in support of final approval of the Settlement, Class Counsel's application for attorneys' fees and expenses, and the Incentive Award to the Class Representative, and in

response to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than the date twenty-eight (28) days prior to the Fairness Hearing.

7. Pursuant to the Agreement, KCC Class Action Services ("KCC") is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of Claim Forms, the Agreement provides for Settlement Class Members to submit Claim Forms either online without the need for a written signature or in paper with a written signature. However, by submitting an online Claim Form, such Settlement Class Members shall be bound to the same extent as if they had used a manual signature.

8. The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by e-mail and establishing a Settlement Website, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than twenty-eight (28) days following the entry of this Preliminary Approval Order and in accordance with the terms of the Agreement.

9. Each person who meet the definition of the Settlement Class and who wishes to exclude themselves from the Settlement Class must submit his, her, or its Request for Exclusion in writing, identifying the case name *Rottner v. AVG Technologies CZ, s.r.o. and Auslogics Software Pty Limited*, and state (i) his, her, or its name, address and telephone number; (ii) that he, she, or it believes he, she, or it purchased the PC TuneUp software from AVG during the period from September 27, 2010 to September 6, 2012, inclusive (the relevant time period of the

settlement); and (iii) the e-mail address that he, she, or it believes was used in connection with his, her, or its purchase of a paid license for the PC TuneUp software from AVG during the period from September 27, 2010 to September 6, 2012, inclusive. Each Request for Exclusion must also be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Rottner v. AVG Technologies CZ, s.r.o. and Auslogics Software Pty Limited*." The request must be mailed to the Settlement Administrator at the address provided in the notice and postmarked no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. A Request for Exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not received within the time specified, shall be invalid and any person(s) serving such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement. The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel.

10. Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Class Counsel and Defendants' Counsel prior to the Fairness Hearing. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her or its comment to be considered by the Court; however, all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy postmarked to Class Counsel and Defendants' Counsel, no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. All Objections shall include the caption *Rottner v. AVG Technologies CZ,*

4

*s.r.o. and Auslogics Software Pty Limited*, Civil Action No. 12-10920-RGS, and provide: (i) the Settlement Class Member's full name and current address; (ii) the e-mail address the Settlement Class Member believes was used to purchase, register or activate the AVG PC TuneUp software which a paid license was purchased for during the period from September 27, 2010 to September 6, 2012, inclusive; (iii) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class; (iv) the specific grounds for the objection; (v) all documents or writings that such Settlement Class Member desires the Court to consider; and (vi) a notice of intention to appear at the Fairness Hearing (if any). While that declaration is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiff or Defendants or both may take any objector's deposition or request documents from any objector regarding the matter, subject to Court approval.

11. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the Incentive Award in accordance with the deadline and procedure set forth in the notice, and the Settlement Class Member wishes to appear and be heard at the Fairness Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendants' Counsel no later than sixty (60) days after the Settlement Class Notice is first disseminated to the Settlement Class, and comply with all other requirements of the Court for such an appearance..

12. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

13. The Agreement and the proceedings and statements made pursuant to the

Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

14. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified, Defendants' right to oppose a later motion for class certification, if any will be unimpaired by this Order and related proceedings; and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this 17th day of December, 2013.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE