UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHRISTOPHER ROTTNER, individually and :
on behalf of all others similarly situated,
                                 :

                Plaintiff,            Civil Action
                               :  No. 12-10920-RGS

      v.
                               :

AVG TECHNOLOGIES CZ, S.R.O., a Czech
company, and AUSLOGICS SOFTWARE     :
PTY. LTD., an Australian company,
                               :

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

The Court, having considered Plaintiff's Motion for Final Approval (Docket No. 112, the

"Motion for Final Approval") of a proposed class action settlement of the above-captioned action

(the "Action") between Plaintiff Christopher Rottner ("Plaintiff") and Defendants AVG

Technologies CZ, s.r.o. and Auslogics Software Pty. Ltd. (collectively, "Defendants"), pursuant

to the Parties' Stipulation of Class Action Settlement (Exhibit 1 to Docket No. 99, the

"Settlement"), holding a fairness hearing on April 30, 2014, at 3:00 p.m., and having duly

considered the papers and arguments of counsel, Plaintiff's Motion for Final Approval is

GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:[1]

1.    **Jurisdiction.** This Court has personal jurisdiction over Plaintiff, the Defendants,

and over all Settlement Class Members and has subject-matter jurisdiction over this Action under

28 U.S.C. § 1332(d)(2), including without limitation, jurisdiction to approve the Settlement.

---

[1]    Unless defined herein, all capitalized terms in this Order shall have the meanings ascribed
to them in the Settlement.

2. **Settlement Class.** On December 17, 2013, this Court preliminarily approved the

Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All individuals and entities in the United States and its territories who, during the
> period from September 27, 2010 to September 6, 2012, inclusive, purchased from
> AVG a paid license to use the AVG PC TuneUp software.

(Docket No. 100 (Preliminary Approval Order).)

3. **Exclusions.** The persons listed on Addendum A hereto are found to have validly

excluded themselves from the Settlement Class in accordance with the provisions of the

Preliminary Approval Order.

4. **Notice.** Notice to the Settlement Class has been provided in accordance with the

Preliminary Approval Order and the Court's electronic Order granting the parties' Joint Motion

To Supplement The Notice Plan (see Docket Nos. 107-08). The distribution of notice to

Settlement Class Members (a) constituted the best practicable notice to Settlement Class

Members under the circumstances; (b) was reasonably calculated, under the circumstances, to

apprise Settlement Class Members of (i) the terms of the Settlement, (ii) the rights of Settlement

Class Members to exclude themselves from the Settlement, and the procedure for doing so, and

the fact that any Settlement Class Members who did not exclude themselves would be bound by

the Settlement, (iii) their right to object to any aspect of the Settlement (including the fairness,

reasonableness, or adequacy of the Settlement, the adequacy of representation of the Settlement

Class by Plaintiff or Class Counsel, any award of attorney's fees or expenses to Class Counsel,

and/or any incentive award to Plaintiff), and (iv) their right to appear at the Fairness Hearing,

either on their own or through counsel hired at their own expense; (c) constituted due, adequate,

and sufficient notice to all persons entitled to be provided with notice; and (d) fully satisfied the

requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and (e)), the

United States Constitution (including the due process clause), the Local Rules of this Court, and

any other applicable rules or Orders of this Court.  No Settlement Class Member has objected to the form, substance, or method of notice to the Settlement Class.

5.    **CAFA Notice.**  The Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").  The Court has reviewed the substance of Defendants' notice and list of exhibits, and finds that they complied with all applicable requirements of CAFA.  (See Docket No. 109.)

6.    **Approval of Settlement.**  This Court now affirms certification of the Settlement Class and gives final approval to the Settlement and finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The complex legal and factual posture of this case, and the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator support this finding.  The consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.[2]  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.  Further, the Court finds that the Settlement is in full compliance with all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United

---

[2]    Defendants created a non-reversionary $2.5 million settlement fund, from which a Settlement Class Member could submit a claim for $15 for each AVG PC TuneUp software license he, she, or it purchased.  Each Settlement Class Member is entitled to receive a 4-month license to use AVG AntiVirus (which if fewer than 50,000 licenses are redeemed, those Settlement Class Members who did redeem a 4-month license will receive additional months, up to 12 months in total).  Any amount remaining in the fund after payments to Settlement Class Members who submitted claims, of an incentive award to the Class Representative, of the attorney's fee award to Class Counsel, and of the settlement administrator's fees will be distributed, as cy pres, to National Consumer Law Center and the Stanford Security Laboratory.

States Constitution (including the due process clause), and any other applicable law. Moreover, only a small fraction of the Settlement Class objected (only two Settlement Class Members objected, out of a total of 355,958 individual Settlement Class Members who were sent individual email notice), and only twelve individuals opted out of the Settlement Class (an additional individual submitted a late opt-out), indicating that the settlement is presumptively fair. In re Lupron Mtkg. & Sales Practices Litig., 345 F. Supp. 2d 135, 137 (D. Mass. 2004) (Stearns, J.). Additionally, the Court finds that the Settlement is not the product of fraud, overreaching, or collusion between the Parties. All objections to the Settlement are overruled.

7. **Cy pres recipients.** A cy pres distribution is appropriate where the recipient is reasonably approximate to the interests of the Settlement Class. In re Lupron Mktg. & Sales Practices Litig., 677 F.3d 21, 33 (1st Cir.), cert. denied, 133 S. Ct. 338 (2012). In determining whether the cy pres recipients' interests "reasonably approximate" those of the Settlement Class, the Court assesses the following non-exclusive list of factors:

[1] the purposes of the underlying statutes claimed to have been violated, [2] the nature of the injury to the class members, [3] the characteristics and interests of the class members, [4] the geographical scope of the class, [5] the reasons why the settlement funds have gone unclaimed, and [6] the closeness of the fit between the class and the cy pres recipient.

Id. The Court finds that the interests of the National Consumer Law Center and the Stanford Security Laboratory reasonably approximate the interests of the Settlement Class. The Court further finds, based on the Parties' representations at the April 30, 2014 fairness hearing, that neither the National Consumer Law Center nor the Stanford Security Laboratory have any affiliation with any Party or counsel to any Party in this Action. Therefore and as contemplated by Section VI.A.4 of the Settlement, the Court designates the National Consumer Law Center and the Stanford Security Laboratory as cy pres recipients and directs that each receive an equal share of any funds remaining in the Settlement Fund after payments to Settlement Class

4

Members who submitted claims, payment of notice and administration costs for the Settlement, and payments of the attorney's fee and incentive awards specified elsewhere in this Order.

8.  **Adequacy/Approval of the Class Representative and Counsel.**  The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.  The preliminary appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens as Class Counsel is hereby confirmed.

9.  **Attorney's Fee Award.**  Additionally, Rule 23 of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  In awarding attorneys' fees and costs under Rule 23(h), the Court may hold a hearing and must make findings of fact and state its legal conclusions.  See id.  In "common fund" cases, such as this, the Court has the discretion to award Class Counsel's a plaintiff's attorneys' fees as either a percentage of the common fund, or by using the lodestar method.  See Latorraca v. Centennial Techs. Inc., 834 F. Supp. 2d 25, 27 (D. Mass. 2011); see also In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995).  The trend, however, is toward the percentage of fund method.  Mann & Co., PC v. C-Tech Indus., Inc., Civil Action No. 08-11312-RGS, 2010 WL 457572, at*1 (D. Mass. Feb. 5, 2010) (Stearns, J.).  Typical considerations for assessing a common-fund fee request include

> (1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations.

In re Lupron Mktg. & Sales Practices Litig., No. MDL 1430, 01-CV-10861-RGS, 2005 WL 2006833, at *3 (D. Mass. Aug. 17, 2005) (Stearns, J.).  Class Counsel here requests an award of

30% of the Settlement Fund. The court will award $616,703, which is the lodestar billing. Based upon a review of the factors this Court enunciated in In re Lupron, this award the court believes to be fair and reasonable. The Fee Award shall be paid from the Settlement Fund in the manner provided by the terms of the Settlement.

10.     **Incentive Award.** Incentive awards are also appropriate in class action settlements. In re Relafen Antitrust Litig., 231 F.R.D. at 82. Although the amounts of an incentive award granted by courts vary, it is not uncommon for a court to award a class representative several thousand dollars. See. e.g., id. (approving incentive awards of $8,000); In re Ins. Brokerage Antitrust Litig., 579 F.3d 241,253 (D.N.J. 2009) (approving incentive award of $10,000). Plaintiff acted to protect the interests of the Settlement Class, and assisted Class Counsel throughout, including among other things, participating in Class Counsel's ongoing investigation into the claims at issue, reviewing pleadings, reviewing and responding to discovery requests, and reviewing the terms of the Settlement. Those efforts have resulted in an Settlement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. Thus, the Court will approve an incentive award in the amount of $1,500.00 to Plaintiff, as Class Representative. The Incentive Award shall be paid from the Settlement Fund in the manner provided by the terms of the Settlement.

11.     **Costs/Fees.** Other than as set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

12.     **Dismissal With Prejudice.** Subject to the terms and conditions of the Settlement, this Court hereby dismisses the action on the merits and with prejudice.

13.     **Non-Admission.** This judgment has been entered without any admission by Defendants of liability or as to the merits of any of the allegations in Plaintiff's Second Amended

Class Action Complaint -- Defendants continue to deny liability or wrongdoing -- and without any judicial finding of the facts alleged in Plaintiff's operative complaint, which Defendants have at all times denied and continue to deny today. The Settlement and the proceedings and statements made pursuant to the Settlement or papers filed relating to the Settlement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Settlement into evidence for the purposes of enforcement of the Settlement.

14.   **Release.** As of the effective date of the Settlement, the releases set forth in the Settlement, including but not limited to its waiver of California Civil Code § 1543, shall take effect, subject to the terms thereof.

15.   **Continuing Jurisdiction.** Notwithstanding the entry of Judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

16.   **Effect of Reversal/Vacation/Modification.** The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement is terminated pursuant to its terms or this Court's approval of the Settlement is

7

reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class and this Order shall be vacated nunc pro tunc, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose a later-filed motion for class certification, if any), and no reference to the Settlement Class, the Settlement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

17.    **Modification.**  The Parties are hereby authorized, without requiring further approval from the Court, to agree to and adopt amendments and modifications to the Settlement, in writing and signed by the Parties, that are not inconsistent with this Order and that do not limit the rights of Settlement Class Members.

18.    **Final Judgment.**  Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement, the Court directs the Clerk to enter final judgment, and dismiss this Action with prejudice and without costs, except as identified in the preceding paragraphs.

**IT IS SO ORDERED** this  $\underline{5^{th}}$  day of

HON. RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

8